**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JACQUELINE A. HICKS,

     *Plaintiff*,

       v.                            Civil Action No. 2:17-cv-00192-MSD-LRL

DITECH MORTGAGE CORP.,

and

COMMONWEALTH TRUSTEES, LLC,

     *Defendants*.

**DEFENDANT DITECH FINANCIAL LLC'S MEMORANDUM**
**IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Ditech Financial, LLC[1] ("Ditech"), by counsel and pursuant to Federal Rule of

Civil Procedure 12(b)(6), submits the following Memorandum in Support of its Motion to

Dismiss the Complaint filed by Plaintiff Jacqueline A. Hicks ("Plaintiff") on the basis that

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## INTRODUCTION

In this suit, Plaintiff asserts several claims against Ditech arising from her failure to pay

on her mortgage, her failure to pay according to the terms of a trial period plan, Ditech's

subsequent handling of her payments, and the foreclosure sale of her property.

There is no dispute that Plaintiff defaulted on the loan secured by her property, which led

to the foreclosure sale.  Nevertheless, Plaintiff claims that Ditech allegedly breached the trial

period plan and the implied covenant of good faith and fair dealing; violated the Real Estate

Settlement Procedure Act's Regulation X; committed fraud; and that Ditech should be held liable

---

[1]  Plaintiff incorrectly names Ditech Mortgage Corp. as a party.

for compensatory damages enjoined from conducting the already-concluded foreclosure sale.  As discussed in detail below, Plaintiff has failed to state a claim for which relief can be granted.  Therefore, all of her claims should be dismissed with prejudice.

## FACTUAL ALLEGATIONS[2]

On or around November 22, 2005, Plaintiff executed a promissory note (the "Note"), a true and accurate copy attached hereto as **Exhibit A**, and a deed of trust (the "Deed of Trust"), a true and accurate copy attached hereto as **Exhibit B** (the Note and Deed of Trust are collectively referred to as the "Loan"), in order to finance real property located at 1218 Baltic Street, Suffolk, Virginia 23434 (the "Property").[3]   ECF No. 1-1 ¶¶ 4−7.  Plaintiff's Note provides that each signee "is fully and personally obligated to keep all of the promises made . . . including the promise to pay the full amount owed."  Ex. A ¶ 8.  The Note further provides that, "if I do not pay the full amount of each monthly payment on the date it is due, I will be in default."  *Id.* ¶ 6(B).  The Note also provides that Plaintiff "will make a payment every month until [she has] paid all of the principal and interest and any other charges described below that [she] may owe under this Note."  Ex. A ¶ 3.

---

[2]  The factual recitations contained herein are taken from Plaintiff's Complaint.  Ditech does not concede that such recitations are accurate, but assumes them to be true solely for the purposes of the instant motion.  *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (observing that a court considering a Rule 12(b)(6) motion "'must accept as true all of the factual allegations contained in the complaint'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))).

[3]  This "'court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed.'" *Wilson-McClain v. Specialized Loan Servicing, LLC*, No. 3:15cv541, 2016 U.S. Dist. LEXIS 135134, at *5–6 (E.D. Va. Sept. 27, 2016) (alteration in original) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006)).

Plaintiff's Deed of Trust expressly provides that "Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment . . . but Lender is not obligated to apply such payments at the time such payments are accepted," and instead may refuse such payments "if the payment or partial payments are insufficient to bring the Loan Current." Ex. B ¶ 1. "Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current." *Id.* If the Borrower does not bring the Loan current, Lender can apply "such funds . . . to the outstanding principal balance under the Note immediately prior to foreclosure." *Id.*

The Deed of Trust also provides that, upon a borrower's default, the "Lender may do . . . whatever is reasonable and appropriate to protect Lender's interest in the Property and rights under this Security Instrument." *Id.* ¶ 9. If the Lender chooses to "accelerate" the Loan, it must first "give notice to Borrower" of acceleration of the Loan, specifying, among other things, "the action required to cure the default" and the date "by which the default must be cured." *Id.* ¶ 22. "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full . . . and may invoke the power of sale and any other remedies permitted by Applicable Law." *Id.*

"Plaintiff began to experience financial troubles in December 2010" and "eventually [fell] behind on her mortgage." ECF No. 1-1 ¶ 8. She submitted an application for a loan modification in early 2016 and was offered a Trial Period Plan ("TPP") in October 2016.[4] ECF No. 1-1 ¶¶ 9−11; Ex. C. The TPP provided that "[t]o accept this offer, you must make your first monthly 'trial period payment.'" Ex. C, at 2. Further, "[t]o qualify for a permanent modification, you must make the . . . trial period payments in a timely manner," specifically, on

---

[4] A true and accurate copy of the Trial Period Plan ("TPP") is attached hereto as **<u>Exhibit C</u>**. A copy of the Complaint served on Ditech did not include a copy of the TPP.

November 1, December 1, and January 1.  *Id.*  "If each payment is not received by Ditech in the month in which it is due, this offer will end."  *Id.*

In connection with this TPP, Plaintiff was allegedly "informed by her single point of contact, 'Leon,' to only make payments through him."  ECF No. 1-1 ¶ 12.  "On November 28, 2016, [Plaintiff] attempted to call Leon, to authorize payment for that month," but she "was not able to reach Leon to make the payment until December 2, 2016."  *Id.* ¶¶ 14−15.  At that time, Leon told Plaintiff "that it would be no problem to make the payment but . . . that payment for the month of December would still be due."  *Id.* ¶ 15.  Shortly thereafter, Plaintiff "received a letter from Ditech stating she was denied for a loan modification."  *Id.* ¶ 16.  That letter, dated January 26, 2017, informed Plaintiff that she was "not eligible for mortgage modification assistance" because she "failed to timely return the documents requested by the program requirements."[5]  Ex. D.  Plaintiff claims that "Ditech never returned [the December] payment to [Plaintiff]" "and never credited her account."  ECF No. 1-1 ¶ 17.

Since Plaintiff's account remained in default, Ditech "scheduled a foreclosure auction on the [P]roperty" that was "carried out on March 2, 2017 at 5:00 p.m."  *Id.* ¶ 19.

## PROCEDURAL HISTORY

On March 2, 2017, the day of the foreclosure sale, Plaintiff filed a five-count Complaint in the Circuit Court for the City of Suffolk, Virginia.  In the Complaint, Plaintiff alleges (1) that "Ditech breached the Trial Period Plan," *id.* ¶ 23; (2) that Ditech "violated the Real Estate Settlement Procedure Act (RESPA) Regulation X, *id.* ¶ 26; (3) that Ditech breached the covenant of good faith and fair dealing found in the Loan documents, *id.* ¶¶ 36−37; (4) that Ditech

---

[5]  A true and accurate copy of the denial letter is attached hereto as **Exhibit D**.

committed fraud, *id.* ¶ 39; and (5) that she "is entitled to an Injunction to stop the scheduled foreclosure sale of her home," *id.* ¶ 47.

## STANDARD OF REVIEW

A complaint must be dismissed if it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Diedrich v. Newport News*, No. 15-2060, 2016 U.S. App. LEXIS 11216, at *1–2 (4th Cir. June 21, 2016) (holding that "a complaint must contain sufficient facts to state a claim that is plausible on its face"); Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

Complaints with "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678–79.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Although the Court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor, it need not "accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ARGUMENT

Plaintiff asserts five claims against Ditech arising from her delinquency on the Loan and the subsequent initiation of foreclosure proceedings.   For the reasons stated below, each of Plaintiff's claims fails to state a claim upon which relief can be granted and, thus, Ditech is entitled to judgment in its favor as a matter of law and dismissal of Plaintiff's Complaint with prejudice.

### I.      Plaintiff cannot sue to enforce the Trial Period Plan.

Plaintiff claims that "Ditech breached the Trial Period Plan" ("TPP").  ECF No. 1-1 ¶ 23. However, this Court has concurred with "[s]everal courts [who] have flatly rejected [the] contention" that borrowers can sue to enforce TPP agreements.  *Bourdelais v. JPMorgan Chase Bank, N.A.*, No. 3:10CV670-HEH, 2011 U.S. Dist. LEXIS 35507, at *10, 2011 WL 1306311 (E.D. Va. Apr. 1, 2011); *see also Jones v. Bank of Am., N.A.*, No. 2:11cv443, 2012 U.S. Dist. LEXIS 15203, at *12–13, 2012 WL 405053 (E.D. Va. Feb. 7, 2012).   Since Plaintiff cannot enforce the TPP, her claim for breach of the TPP should be dismissed accordingly.

Even if Plaintiff could enforce the TPP Agreement, Plaintiff has not stated a plausible claim that the TPP was an enforceable contract and that the TPP was breached.  Plaintiff claims that she "accepted the offer for a trial loan modification" "on October 10, 2016."  ECF No. 1-1 ¶ 20.  However, the TPP provided that "[t]o accept this offer, you must make your first monthly 'trial period payment.'"  Ex. C, at 2.  And, "[t]o qualify for a permanent modification, you must make the . . . trial period payments in a timely manner."  *Id.*  However, "[i]f each payment is not received by Ditech in the month in which it is due, this offer will end."  *Id.*

By her own allegations, Plaintiff did not attempt to contact Ditech regarding the first trial payment until November 28 even though the first payment was due on November 1.  ECF No. 1-1 ¶ 13.  Accordingly, Plaintiff failed "[t]o accept this offer" because she did not "make [the] first

monthly 'trial period payment,'" Ex. C, at 2, and no enforceable contract was formed in the first place.

Even if an enforceable contract was formed (and it was not), Plaintiff committed first material breach by failing to submit her first trial payment timely.  "It is well-established in Virginia that 'a party who commits the first [material] breach of a contract is not entitled to enforce the contract.'"  *Land & Marine Remediation, Inc. v. BASF Corp.*, No. 2:11cv239, 2012 U.S. Dist. LEXIS 88601, at *20 (E.D. Va. June 26, 2012) (quoting *Horton v. Horton*, 487 S.E.2d 200, 203 (Va. 1997)); *see also Countryside Orthopaedics, P.C. v. Peyton*, 541 S.E.2d 279, 285 (Va. 2001); *Neely v. White*, 14 S.E.2d 337, 340 (Va. 1941).  In the context of borrowers and lenders in mortgage transactions, "non-payment is a material breach of the note."  *Land & Marine Remediation*, 2012 U.S. Dist. LEXIS 88601, at *21 (emphasis omitted); *cf. Tandberg, Inc. v. Advanced Media Design*, No. 1:09cv863, 2009 U.S. Dist. LEXIS 132285, at *17 (E.D. Va. Dec. 11, 2009) ("Indeed, it is well established that, under Virginia law, a contractual party's failure to make timely payment constitutes a material breach.").  Because Plaintiff materially breached the TPP by failing to make the first payment timely, Plaintiff's contract claim is barred by her own first material breach and should be dismissed.

In summary, with no formation of an enforceable contract, no right to enforce such contract even if the one was formed, and with no breach of the contract, Plaintiff's claim should be dismissed with prejudice.

## II.     Plaintiff's RESPA claims must be dismissed for lack of standing to sue.

Plaintiff's Complaint alleges two violations of Regulation X, namely: (1) 12 C.F.R. § 1024.39, otherwise known as the "Early Intervention Rule"; and (2) 12 C.F.R. § 1024.40, which requires a mortgage servicer to send certain notices about a borrower's account and "[a]ssign personnel to a delinquent borrower . . . to respond to the borrower's inquiries, and as

applicable, assist the borrower with available loss mitigation options."[6]  However, because there is no private right of action for 12 C.F.R. §§ 1024.39 or 1024.40, Plaintiff's RESPA claims must be dismissed as a matter of law.

RESPA's Early Intervention Rule requires a loan servicer, among other things, to "make good faith efforts to establish live contact" with delinquent borrowers regarding "loss mitigation options," and to provide such borrowers with "written notice" of foreclosure alternatives.  12 C.F.R. § 1024.39.  RESPA's Continuity of Contact Rule requires a servicer to "maintain policies and procedures that are reasonably designed to . . . assign personnel to a delinquent borrower . . . not later than the 45th day of the borrower's delinquency," and to make such personnel available by phone "to respond to the borrower's inquiries, and as applicable, assist the borrower with available loss mitigation options."  12 C.F.R. § 1024.40(a).

"[12 C.F.R. §§] 1024.39 and 1024.40 do not explicitly provide a cause of action to private individuals."  *Brown v. Bank of N.Y. Mellon*, No. 1:16-cv-194 (LMB/IDD), 2016 U.S. Dist. LEXIS 61467, at *3 (E.D. Va. May 9, 2016) (citing *Gresham v. Wells Fargo Bank, N.A.*, 642 F. App'x 355, 359 (5th Cir. 2016) (observing that "Section 1024.39 does not explicitly convey a private right of action to borrowers."); *Stefanowicz v. SunTrust Mortg.*, No. 3:16-cv-00368, 2017 U.S. Dist. LEXIS 3592, at *17 (M.D. Pa. Jan. 9, 2017) (noting Section 1024.40 "is an administrative regulation only; there is no private cause of action available to enforce

---

[6]  Plaintiff cites to 12 C.F.R. § 1024 generally in support of her claim that Ditech was required to dispatch certain notices within 45 days of his delinquency.  ECF No. 1-1 ¶ 30.  However, 12 C.F.R. § 1024 is Regulation X in its entirety.  For purposes of the instant motion, Ditech presumes that Plaintiff intended to specifically cite to 12 C.F.R. §§ 1024.39 or 1024.40.

Plaintiff also claims that "Regulation X requires a mortgage loan servicer to accept and properly apply any payments."  ECF No. 1-1 ¶ 31.  However, Regulation X does not address payments but rather addresses obligations related to disclosure and loan modification.  *See generally* 12 C.F.R. § 1024.  Therefore, there can be no claim under RESPA for failure to accept or apply payments.

§ 1024.40"); *Schmidt v. Pennymac Loan Services, LLC*, 106 F. Supp. 3d 859, 867 (E.D. Mich. 2015) ("[N]o private cause of action is available to enforce 12 C.F.R. § 1024.40.")). This is "[i]n contrast" to 12 C.F.R. § 1024.41, which expressly "does allow a borrower to 'enforce the provisions of this section pursuant to section 6(f) of' [RESPA], 12 U.S.C. § 2605(f)." *Brown*, 2016 U.S. Dist. LEXIS 61467, at *5.

Indeed, as the United States Supreme Court has observed, "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." *Alexander v. Sandoval*, 532 U.S. 275, 291 (2001); *see also Schmidt*, 106 F. Supp. 3d at 871 (discussing the regulatory history of 12 C.F.R. § 1024.40 and finding no intention to create a private right of action). Accordingly, because Sections 1024.39 and 1024.40 relied upon by Plaintiff contain no "'rights-creating' language" under which Plaintiff can bring any action against Ditech, *Sandoval*, 532 U.S. at 287–88, Plaintiff is precluded from suing Ditech for allegedly violating such provisions.

### III. Plaintiff's claim for a breach of the implied covenant of good faith and fair dealing must be dismissed for failure to state a claim.

Plaintiff alleges "Ditech has specifically breached this covenant by (i) accepting payment and failing to apply it, and (ii) fraudulently informing Plaintiff that she could only make her payments through her point of contact."[7] ECF No. 1-1 ¶ 36. However, Plaintiff fails to assert any facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing.

### A. The implied covenant of good faith and fair dealing does not preclude Ditech from exercising its express contractual rights.

Under Virginia law, "the covenant of good faith and fair dealing does not mean that a party who has contracted for valid contractual rights cannot exercise those rights, as long as that

---

[7] Plaintiff's allegations related to fraud are addressed herein in Section IV.

party does not exercise those rights in bad faith." *Wolf v. Fannie Mae*, 512 F. App'x 336, 345 (4th Cir. 2013) (citing *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009)); *see also Skillstorm, Inc. v. Elec. Data Sys., LLC*, 666 F. Supp. 2d 610, 620 (E.D. Va. 2009) ("Virginia law recognizes an implied covenant of good faith and fair dealing in certain contracts. However, no implied duty arises with respect to activity governed by express contractual terms." (citing *Ward's Equip. v. New Holland of N. Am.*, 493 S.E.2d 516, 520 (Va. 1997)).

Put another way, "the duty of good faith and fair dealing implicit in every contract 'cannot be used to override or modify explicit contractual terms.'" *Clemons v. Home Savers, LLC*, 530 F. Supp. 2d 803, 812 (E.D. Va. 2008) (quoting *Riggs Nat'l Bank v. Linch*, 36 F.3d 370, 373 (4th Cir. 1994)). Thus, "when parties to a contract create valid and binding rights, an implied covenant of good faith and fair dealing is inapplicable to those rights." *Ward's Equip.*, 493 S.E.2d at 520; *see also Charles E. Brauer Co. v. NationsBank of Va.*, 466 S.E.2d 382, 386 (Va. 1996); *Albright v. Burke & Herbert Bank & Trust Co.*, 457 S.E.2d 776, 778 (Va. 1995); *Douglas v. Ocwen Loan Servicing, LLC*, No. 3:15cv649, 2016 U.S. Dist. LEXIS 51876, at *12–13 (E.D. Va. Apr. 18, 2016). Moreover, "[t]he implied covenant does not compel a party to take affirmative actions that the party is not obligated to take under the terms of the contract." *Cagle v. CitiMortgage, Inc.*, No. 3:13CV807, 2015 U.S. Dist. LEXIS 57612, at *31 (E.D. Va. May 1, 2015) (citing *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 182 (4th Cir. 2000)).

Plaintiff fails to point to any term in the Note or Deed of Trust requiring Ditech to apply every payment. ECF No. 1-1 ¶ 36. To the contrary, the Deed of Trust expressly provides that Ditech "is not obligated to apply such payments at the time such payments are accepted," but instead may refuse such payments "if the payment or partial payments are insufficient to bring

the Loan Current." Ex. B ¶ 1. "Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current." *Id.* If the Borrower does not bring the Loan current, Lender can apply "such funds . . . to the outstanding principal balance under the Note immediately prior to foreclosure." *Id.*

Thus, under the plain terms of the Deed of Trust, Ditech was not obligated to apply her belated TPP payment and Plaintiff's claim fails as a matter of law.

### B.    Plaintiff's breach claim is barred by her first material breach of the Note.

Even if Plaintiff had properly asserted a breach of the duty of good faith and fair dealing, Plaintiff's first material breach bars her from enforcing any contractual rights stemming from the Note. "In Virginia . . . 'a party who commits the first [material] breach of a contract is not entitled to enforce the contract.'" *Land & Marine Remediation, Inc.*, 2012 U.S. Dist. LEXIS 88601, at *20. "A material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Horton*, 487 S.E.2d at 204. "[A] contractual party's failure to make timely payment constitutes a material breach." *Tandberg, Inc. v. Advanced Media Design*, No. 1:09cv863, 2009 U.S. Dist. LEXIS 132285, at *17 (E.D. Va. Dec. 11, 2009).

Here, Plaintiff admits that she "fell behind on her mortgage." ECF No. 1-1 ¶ 8. Because "an essential purpose of the [Note]" is for Plaintiff to make payments on the Loan, *Horton*, 487 S.E.2d at 204, his failure to timely tender such payments constitutes "a material breach of the note," *Land & Marine Remediation*, 2012 U.S. Dist. LEXIS 88601, at *21. Accordingly, Plaintiff's contract claim is barred by her own first material breach and should be dismissed.

11

### III.    Plaintiff fails to state a claim for fraud.

Plaintiff alleges that Ditech committed fraud "when Leon informed Plaintiff that he was the only one who should take her payment" and that the late payment in December would be accepted.  *Id.* ¶ 39.  Plaintiff's claim is inadequate under Federal Rule of Civil Procedure 9 and, in any event, is barred by the economic loss rule as a matter of law.

### A.    Plaintiff's Complaint lacks the particularity required by Rule 9 and fails to establish a claim for fraud.

"To establish a fraud claim, [a plaintiff] must show: '(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.'"  *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015) (quoting *Prospect Dev. Co. v. Bershader*, 515 S.E.2d 291, 297 (Va. 1999)).  In addition, Federal Rule of Civil Procedure 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud," including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Id.* (citation and internal quotation marks omitted).  Such particularity is required in order to provide defendants with "sufficient information to formulate a defense by putting it on notice of the conduct complained of" and "to protect defendants from frivolous suits."  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1297, at 590 (2d ed. 1990)).

Here, Plaintiff's Complaint contains little specificity regarding her fraud claim.  She states "Leon" informed her that "he was the only one who should take her payment," ECF No. 1-1 ¶ 39, but fails to state when the alleged fraud occurred or "what he obtained thereby," *Weidman*, 776 F.3d at 219.  She claims this "induced [her] to make her payment later than she

first attempted to tender payment[,] [w]hich then cause for the Trial Period Plan to be canceled."
ECF No. 1-1 ¶ 42.   However, as discussed above, Plaintiff did not attempt to contact Ditech
regarding the first trial payment until November 28 even though the first payment was due on
November 1.   ECF No. 1-1 ¶ 13.   The first attempted contact of November 28 belies her
inducement claim and defeats the element of reliance.   Because Plaintiff fails to allege the
specificity necessary under Rule 9 and her own allegations negate one of the necessary elements
for fraud, her fraud claim should be dismissed.

**B.      Plaintiff's fraud claim is barred by the Economic Loss Rule.**

Notwithstanding Plaintiff's failure to properly plead her fraud claim, her claim that she
"will now lose her home due to Ditech's fraudulent statements" is barred by the Economic Loss
Rule.  ECF No. 1-1 ¶ 43.

"Under the economic loss rule, a party may not obtain tort damages for purely economic
losses arising out of contractual relationships.'"   *Klar v. Fannie Mae*, No. 3:13-cv-00462-JAG,
2014 U.S. Dist. LEXIS 91836, at *4 (E.D. Va. July 7, 2014) (quoting *McKesson Medical-
Surgical, Inc. v. Kearney*, 271 F. Supp. 2d 827, 828 (E.D. Va. 2003).   "Tort law is not designed
. . . to compensate parties for losses suffered as a result of a breach of duties assumed only by
agreement."  *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 374 S.E.2d 55, 58 (Va.
1988); *Hazaimeh v. U.S. Bank Nat'l Ass'n*, 94 F. Supp. 3d 741, 747 (E.D. Va. 2015).   Thus,
where the parties' "only duties . . . arise from contract," "any tort-based claims are barred by the
economic loss rule."  *McElvy v. Nationstar Mortg., LLC*, No. 2:12cv502, 2013 U.S. Dist. LEXIS
160757, at *6 (E.D. Va. Apr. 29, 2013) (citing *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d
769, 778 (4th Cir. 2013)); *see also Filak v. George*, 594 S.E.2d 610, 613 (Va. 2004) (holding that

"losses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts").

Here, the relationship between Plaintiff and Ditech is solely a "contractual relationship[]," *Klar*, 2014 U.S. Dist. LEXIS 91836, at *4, arising from Ditech's servicing of Plaintiff's Loan.  Indeed, Plaintiff has merely repackaged her breach claim (for "accepting payment and failing to apply it" and "informing Plaintiff that she could only make her payments through . . . Leon") into a claim for fraud ("when Leon informed Plaintiff that he was the only one who should take her payment" and "when he informed her that it was no problem to make the payment" late) by merely changing the claim's title.  *Compare* ECF No. 1-1 ¶¶ 36, (breach claim), *with id.* ¶ 39 (fraud claim).  Accordingly, "because Defendant's only duties to Plaintiff arise from contract," *McElvy*, 2013 U.S. Dist. LEXIS 160757, at *6, and Plaintiff fails to allege that Ditech breached any other "duty imposed by law," Plaintiff's "losses . . . remain the sole province of the law of contracts," *Filak*, 594 S.E. 2d at 613, and her fraud claim must be dismissed.

## IV. Plaintiff fails to demonstrate that she is entitled to a preliminary injunction.

Plaintiff seeks an injunction of the foreclosure sale of her Property based on Ditech's alleged "mishandl[ing] of Plaintiff's loan to the detriment of Plaintiff" and alleged violations of the Trial Period Plan.  ECF No. 1-1 ¶ 41.

As a preliminary matter, the Property has already been sold at a foreclosure sale; so, the claims for injunctive relief are moot because there is nothing to enjoin.  *See Walls v. Wells Fargo Bank N.A.*, No. 1:13-cv-623, 2013 U.S. Dist. LEXIS 87835, at *4, 2013 WL 3199675 (E.D. Va. June 20, 2013) ("After her motions for a temporary restraining order and a preliminary

injunction were denied, the Superior Court dismissed her original complaint as moot given that the foreclosure sale had already gone forward . . .").

Even if the foreclosure sale had not occurred, Plaintiff fails to plead the factors required for the grant of injunctive relief.  "'A preliminary injunction is an extraordinary remedy never awarded as of right.'"  *Adams v. NaphCare, Inc.*, No. 2:16cv229, 2016 U.S. Dist. LEXIS 120410, at *5–6 (E.D. Va. Sep. 6, 2016) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008)).  "In considering a preliminary injunction, 'courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"  *Id.*  "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Id.* (quoting *Winter*, 555 U.S. at 20); *see also Centro Tepevac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013).

Particularly, "a party seeking a preliminary injunction . . . 'must clear[ly] show [ ] that it is likely to succeed on the merits."  *Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (alteration in original) (quoting *Winter*, 555 U.S. at 20); *see also Granados v. Bank of Am., N.A.*, No. 1-15-cv-752-GBL, 2015 U.S. Dist. LEXIS 109777, at *13 (E.D. Va. Aug. 19, 2015) ("The threshold requirement for this test is that 'the plaintiff has made a strong showing that he is likely to succeed on the merits of his claim'" (quoting *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009)).

As discussed above, all of Plaintiff's claims are deficient as a matter of law; thus, Plaintiff is not "likely to succeed on the merits of [her] claim."  *Granados*, 2015 U.S. Dist. LEXIS 109777, at *13.  For this reason alone, Plaintiff's request for a preliminary injunction

should be denied.  Furthermore, because the foreclosure sale occurred the day of the lawsuit, there is no currently-scheduled foreclosure sale of the Property.  *See id.* at *14 (denying plaintiff's request for "preliminary injunction to enjoin a threat of foreclosure" because there was "no impending foreclosure" and, thus, no irreparable harm).

Moreover, it is Ditech that will be harmed if the Court invokes a policy that permits borrowers to renege on their contractual obligations and enjoin foreclosure sales of their property by filing baseless lawsuits against it.  To be sure, "Virginia law favors the making of contracts between competent parties for a valid purpose."  *Farmers Ins. Exch. v. Enter. Leasing Co*., 708 S.E.2d 852, 856 (Va. 2011) (citing *Shuttleworth, Ruloff & Giordano, P.C. v. Nutter*, 493 S.E.2d 364, 366 (Va. 1997)).  Thus, the enforcement of valid contracts is in the public interest. Accordingly, because the foreclosure sale occurred and because Plaintiff fails to demonstrate her entitlement to a preliminary injunction of the foreclosure sale of the Property, this Court should deny Plaintiff's demand for a preliminary injunction.

## CONCLUSION

WHEREFORE, Ditech respectfully requests that the Court grant its Motion to Dismiss, dismiss Plaintiff's Complaint with prejudice, award Ditech its attorneys' fees and costs, and grant it any further relief the Court finds equitable and just.


Dated: April 26, 2017                                Respectfully submitted,

                                                     **DITECH FINANCIAL, LLC**

                                                     By: ____/s/ *Maryia Y. Jones*_____
                                                              Of Counsel

Maryia Y. Jones (VSB No. 78645)
Jessica A. Clark (VSB No. 90627)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7500
Facsimile:  (757) 687-1510
E-mail: maryia.jones@troutmansanders.com
E-mail: jessica.clark@troutmansanders.com
*Counsel for Ditech Financial, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2017, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF, which will send a Notice of Electronic

Filing to the following CM/ECF participants:

Jeana P. McMurray (VSB No. 84333)
Heath J. Thompson (VSB No. 66748)
Heath J. Thompson, P.C.
156 Newtown Road, Suite A1
Virginia Beach, VA 23462
Phone: (757) 480-0060
Facsimile: (757) 257-0088
*Counsel for Plaintiff*

Sara Tussey (VSB No. 79826)
Rosenberg and Associates, LLC
7910 Woodmont Ave., Suite 750
Bethesda, MD 20814
Phone: (301) 907-8000
Facsimile: (301) 907-8101
Sara.Tussey@rosenberg-assoc.com
*Counsel for Commonwealth Trustees, LLC*

By:    /s/ *Maryia Y. Jones*
Maryia Y. Jones (VSB No. 78645)
Jessica A. Clark (VSB No. 90627)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7500
Facsimile:   (757) 687-1510
E-mail: maryia.jones@troutmansanders.com
E-mail: jessica.clark@troutmansanders.com
*Counsel for Ditech Financial, LLC*